**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**
_____

JOEL RICHARD FELBERG,

                        Plaintiff,                               **COMPLAINT**

v.

                                             **JURY TRIAL DEMANDED**

NCEP, LLC and
THE LAW OFFICES OF ROSS GELFAND, LLC,

                        Defendants.
_____

## INTRODUCTION

1.  This action arises from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2.  The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3.  The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4.     The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.     Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

### Plaintiff

7.     Plaintiff Joel Richard Felberg (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. § 1692k(a).

2

**Defendant NCEP, LLC**

8.     Defendant NCEP, LLC (hereinafter "Defendant NCEP"), is a foreign limited

liability company that operates as a debt collection agency from an address of

2877 Paradise Road, Unit 303, Las Vegas, Nevada 90109.

9.     Defendant NCEP is a "debt collector," as defined in Section 803(6) of the

FDCPA, 15 U.S.C. § 1692a(6).

**Defendant Law Offices of Ross Gelfand, LLC**

10.    Defendant Law Offices of Ross Gelfand, LLC (hereinafter "Defendant

Gelfand"), is a foreign limited liability company that operates as a debt

collection agency from an address of 1265 Minhinette Drive, Suite 150,

Roswell, Georgia 30075.

11.    Defendant Gelfand is a "debt collector," as defined in Section 803(6) of the

FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL SUMMARY**

12.    Sometime prior to June 2013, Plaintiff incurred a financial obligation that

was primarily for personal, family or household purposes, and is therefore a

"debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. §

1692a(5), namely a loan for the purchase of a motor vehicle.

13.    Sometime thereafter, the alleged debt was consigned, placed or otherwise

transferred to Defendant NCEP, LLC.

14.    Defendant NCEP, LLC retained Defendant Gelfand to assist in collection of

the debt.

3

15.     Plaintiff and Defendant Gelfand entered settlement negotiations regarding the debt.

16.     On July 22, 2013, Defendant Gelfand sent Plaintiff a facsimile confirming its authority to settle the debt and offering terms to fully settle the debt.

17.     Plaintiff fully complied with the terms of settlement.

18.     Plaintiff subsequently reviewed his credit reports on or about October 18, 2013.

19.     The debt continues to be reported by Defendant NCEP on Plaintiff's Experian, Equifax, and TransUnion credit reports despite Defendants having settled the debt with Plaintiff.

20.     The debt is reported to Experian as a "debt purchase" with a past due balance.

21.     The debt is reported to Equifax as an "open account" with a past due balance.

22.     The debt is reported to TransUnion as a "collection account" with a past due balance.

**Violations of The Fair Debt Collection Practices Act**

23.     Defendants have made false, deceptive, and misleading statements regarding the character, amount, or legal status of the alleged debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2).

24.     Defendants have communicating false credit information regarding the debt, specifically that there is an outstanding balance after having received

4

payment in full on the debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(8).

25. Defendants represented to Plaintiff with the July 22, 2013 facsimile that the debt would be settled in full if Plaintiff complied with the terms of settlement. Plaintiff complied with the terms of settlement yet Defendants continue to treat the debt as outstanding. Defendants have therefore used false, deceptive and misleading means and statements in an effort to collect the debt, violating Section 807 of the FDPCA, 15 U.S.C. §§ 1692e and 1692e(10).

26. By reporting an outstanding balance on the debt, Defendants have engaged in activity to collect an amount not permitted by law because Defendants have already accepted payment to settle the debt in full. Defendants are therefore in violation of Section 808 of the FDCPA, 15 U.S.C. §§ 1692f and 1692f(1).

27. Plaintiff suffered actual damages under the FDCPA in the form of damaged credit.

**Respondeat Superior Liability**

28. The acts and omissions of Defendant Gelfand, and/or the other debt collectors employed as agents by Defendant NCEP who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant NCEP.

29. The acts and omissions by Defendant Gelfand and/or these other debt collectors were incidental to, or of the same general nature as, the

5

responsibilities these agents were authorized to perform by Defendant NCEP in collecting consumer debts.

30.   By committing these acts and omissions against Plaintiff, Defendant Gelfand and these other debt collectors were motivated to benefit their principal, Defendant NCEP.

31.   Defendant NCEP is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

32.   The above-detailed conduct by each Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

33.   Each Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## **TRIAL BY JURY**

34.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   The foregoing acts and omissions of each Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

37.   As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each

Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

38.   For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

7

39.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

        §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

40.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15

        U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.


                                    Respectfully submitted,


Dated:  November 11, 2013           MARTINEAU, GONKO & VAVRECK, PLLC


                                     s/ Mark L. Vavreck                        .
                                    Mark L. Vavreck, Esq.
                                    Bar Number #0318619
                                    Attorney for Plaintiff
                                    Martineau, Gonko & Vavreck, PLLC
                                    Designers Guild Building
                                    401 North Third Street, Suite 600
                                    Minneapolis, MN 55401
                                    Telephone:  (612) 659-9500
                                    Facsimile:   (612) 659-9220
                                    mvavreck@mgvlawfirm.com